UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD MULLINS,

    Petitioner,

v.

JOE BARRETT,

    Respondent.
_____/

Case No. 15-cv-11962

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MICHAEL J. HLUCHANIUK

**OPINION AND ORDER DENYING WITHOUT PREJUDICE
THE "REQUEST TO FILE A 6500 MOTION" [7]**

**I. INTRODUCTION**

On May 27, 2015, Leonard Mullins ("Petitioner") filed a petition for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254. *See* Dkt. No. 1. Presently before the Court is Petitioner's "Request to File a 6500 Motion," in which he asks the Court to stay the petition and hold his case in abeyance so that he can file a post-conviction motion for relief from judgment in the state court. *See* Dkt. No. 7. For the reasons discussed below, the Court will **DENY** Petitioner's Request **WITHOUT PREJUDICE** to Petitioner filing a proper motion to hold that petition in abeyance.

**II. DISCUSSION**

**A. LEGAL STANDARD**

A federal district court has authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *See Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). Moreover, a federal district court is authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts. *See Nowaczyk v. Warden,*

*New Hampshire State Prison,* 299 F.3d 69, 77-79 (1st Cir. 2002) (holding that district courts should "take seriously any request for a stay."); *Anthony v. Cambra*, 236 F. 3d 568, 575 (9th Cir. 2000); *see also Bowling v. Haeberline,* 246 Fed. App'x 303, 306 (6th Cir. 2007) (quoting *Nowaczyk*, 299 F. 3d at 83, to find that a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served").

However, to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). There is not a bright-line rule that a district court can never dismiss a fully-exhausted habeas petition because of the pendency of unexhausted claims in state court; however, in order for a federal court to justify departing from the "heavy obligation to exercise jurisdiction," there must be some compelling reason to prefer a dismissal over a stay. *See Nowaczyk*, 299 F. 3d at 82 (internal quotation omitted); s*ee also Bowling,* 246 Fed. App'x at 306 (finding the district court erred in dismissing a petition containing only exhausted claims, as opposed to exercising its jurisdiction over petition, merely because petitioner had independent proceeding pending in state court involving other claims).

### B. LEGAL ANALYSIS

The United States Supreme Court suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (citing *Rhines v. Weber,* 544 U.S. 269, 278, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005)). A federal court may stay

a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Here, Petitioner is not entitled to a stay of proceedings because he has failed to delineate the issues that he wishes to raise in his state post-conviction motion in the state courts. Accordingly, this Court is unable to determine whether his claims have any potential merit or whether they are "plainly meritless." Moreover, Petitioner does not state why such claims have not been exhausted with the state courts. Thus, he has failed to establish good cause for failing to exhaust his claims in the state court, so as to entitle him to a stay of the proceedings.

Petitioner's bare-bones request for a stay of proceedings does not satisfy the requirements under *Rhines* for the issuance of a stay of proceedings. *See*, *e.g.*, *Cunningham v. Conway*, 717 F. Supp. 2d 339, 349 (W.D.N.Y. 2010). Although Petitioner claims that he made a previous request to hold the petition in abeyance when he filed his petition, a review of Petitioner's original habeas application shows no such request. *See* Dkt. No. 1. Accordingly, the Court will **DENY** Petitioner's "REQUEST to file a 6500 motion back to the lower courts" [7] **WITHOUT PREJUDICE** to petitioner filing a properly filed motion to hold that petition in abeyance.

### III. CONCLUSION

For the reasons discussed, it is **HEREBY ORDERED** that the "REQUEST to file a 6500 motion back to the lower courts" [7] is **DENIED WITHOUT PREJUDICE** to Petitioner filing a proper motion to hold the petition in abeyance.

SO ORDERED.

Dated: June 29, 2015

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge