UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD MULLINS,

Petitioner,

v.

JOE BARRETT,

Respondent.
_____/

Case No. 15-cv-11962

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MICHAEL J. HLUCHANIUK

**OPINION AND ORDER GRANTING PETITIONER'S MOTION [9]; HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS [1]; AND ADMINISTRATIVELY CLOSING THE CASE**

**I. INTRODUCTION**

Leonard Mullins, III, ("Petitioner"), filed a Petition for Writ of Habeas Corpus ("the Petition") [1] with this Court pursuant to 28 U.S.C. § 2254. In the Petition, Petitioner challenges his conviction for operating under the influence of liquor, MICH. COMP. LAWS 257.625(1)(a); operating under the influence of liquor causing serious impairment of a bodily function, MICH. COMP. LAWS 257.625(5); operating a motor vehicle without a driver's license, MICH. COMP. LAWS 257.904(1); and being a fourth felony habitual offender, MICH. COMP. LAWS 769.12. Petitioner was convicted following a jury trial in the Wayne County Circuit Court, and his conviction was affirmed on appeal. *See* Dkt. No. 1; *see also People v. Mullins,* No. 312179, 2013 WL 6481011 (Mich. Ct. App. Dec. 10, 2013); *lv. Den.* 495 Mich. 1008, 846 N.W.2d 564 (2014).

Petitioner has filed a Motion [9] to hold the Petition in abeyance to permit him to return to the state courts to present additional claims that have not been exhausted with the state courts

and that are not included in his current habeas petition.[1] For the reasons stated below, the Court will **GRANT** Petitioner's Motion [9], hold the Petition [1] in abeyance, and stay the proceedings under the terms outlined in this Opinion, so that Petitioner may return to the state courts and exhaust his additional claims. The Court will also administratively close the case.

## II. DISCUSSION

### A. LEGAL STANDARD

A federal district court has authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *See Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). Moreover, a federal district court is authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts. *See Nowaczyk v. Warden, New Hampshire State Prison,* 299 F.3d 69, 77-79 (1st Cir. 2002) (holding that district courts should "take seriously any request for a stay."); *Anthony v. Cambra*, 236 F. 3d 568, 575 (9th Cir. 2000); *see also Bowling v. Haeberline,* 246 Fed. App'x 303, 306 (6th Cir. 2007) (quoting *Nowaczyk*, 299 F. 3d at 83, to find that a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served").

However, to stay federal proceedings, and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). There is no bright-line rule that a district court can never dismiss a fully-exhausted habeas petition because of the pendency of unexhausted claims in state court; however, in order for a federal court to justify departing from the "heavy obligation to exercise

---

[1] Petitioner previously filed a motion to hold the petition in abeyance, *see* Dkt. No. 7, which was denied because his earlier request was conclusory and did not delineate the claims that he wished to raise on state post-conviction review, *see* Dkt. No. 8.

jurisdiction," there must be some compelling reason to prefer a dismissal over a stay. *See Nowaczyk*, 299 F. 3d at 82 (internal quotation omitted); s*ee also Bowling,* 246 Fed. App'x at 306 (finding the district court erred in dismissing a petition containing only exhausted claims, as opposed to exercising its jurisdiction over petition, merely because petitioner had independent proceeding pending in state court involving other claims).

B. LEGAL ANALYSIS

Here, the Court will grant Petitioner's motion to hold his Petition in abeyance while he returns to the state courts to exhaust his additional claims. The outright dismissal of the Petition, albeit without prejudice, might result in preclusion of consideration of Petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, but a second, exhausted, habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002).

The United States Supreme Court suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416, 125 S. Ct. 1807, 1813, 161 L. Ed. 2d 669 (2005) (citing *Rhines v. Weber,* 544 U.S. 269, 278, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278, 125 S. Ct. 1528, 161 L. Ed. 2d 440.

Here, Petitioner's claims do not appear to be "plainly meritless." *Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009). Moreover, Petitioner asserts that he did not previously raise these claims in the state courts due to the ineffective assistance of appellate counsel. *Id.,* at 419, nn. 4 and 5.[2] Finally, it does not appear that Petitioner has engaged in "intentionally dilatory tactics." In sum, the Court finds that a stay is appropriate pending exhaustion of state court remedies.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278, 125 S. Ct. 1528, 161 L. Ed. 2d 440. To ensure that Petitioner does not delay in exhausting his state court remedies, this Court will impose time limits upon Petitioner within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.*

Petitioner's method of properly exhausting his claims in the state courts would be through filing a motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502. *See Wagner,* 581 F. 3d at 419. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. *See* M.C.R. 6.509; M.C.R. 7.203;

---

[2] **Error! Main Document Only.**Moreover, state post-conviction review would be the first opportunity that petitioner would have under Michigan law to raise his ineffective assistance of appellate counsel claims. *See Guilmette v. Howes*, 624 F. 3d 286, 291 (6th Cir. 2010). Therefore, it is unclear whether petitioner would even be required under *Rhines* to establish cause for his failure to raise these ineffective assistance of appellate counsel claims earlier with the state courts.

M.C.R. 7.302; *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

### IV. CONCLUSION

Accordingly, for the reasons discussed herein, the Court **HEREBY GRANTS** Petitioner's Motion [9].

**IT IS ORDERED** that these proceedings are **STAYED**. The Court will hold Petitioner's Habeas Petition [1] in abeyance.

**IT IS FURTHER ORDERED** that Petitioner must file a motion for relief from judgment in state court **within sixty days of receipt of this order**.

Petitioner is **ORDERED** to **notify this Court in writing that such motion papers have been filed in state court**. If Petitioner fails to file a motion in state court, or notify this Court that he has done so, this Court will lift the stay, reinstate the original Petition for Writ of Habeas Corpus [1] to the Court's active docket, and proceed to adjudicate only the claims that were raised in the original Habeas Petition.

After Petitioner fully exhausts his new claims, Petitioner is **ORDERED** to **file an amended Petition that includes the new claims within sixty days after the conclusion of his state court post-conviction proceedings, along with a motion to lift the stay**. Failure to do so will result in the Court lifting the stay and adjudicating the merits of the claims raised in Petitioner's original Habeas Petition

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this Opinion and Order, or in the related docket

-6-

entry, shall be considered a dismissal or disposition of this matter. *See Sitto,* 207 F. Supp. 2d at 677. Upon receipt of a motion to reinstate the Habeas Petition following exhaustion of state remedies, the Court will order the Clerk to reopen this case for statistical purposes.

    IT IS SO ORDERED.

Dated: August 5, 2015

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge