# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LEONARD MULLINS, III,

    PETITIONER,

CASE NO. 15-cv-11962

V.

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

KATHLEEN OLSON,

    RESPONDENT.
_____/

**OPINION AND ORDER (1) GRANTING MOTION TO LIFT STAY [17]; (2) GRANTING MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS; (3) SETTING SCHEDULE FOR BRIEFING ON AMENDED PETITION; AND (3) DENYING WITHOUT PREJUDICE THE MOTION FOR AN EVIDENTIARY HEARING [18].**

I.     Introduction

On May 27, 2015, Petitioner Leonard Mullins, III, confined at Ojibway Correctional Facility in Marenisco, Michigan, filed a petition for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254. *See* Dkt. No. 1. On August 5, 2015, this Court held the petition in abeyance so that Mullins could return to the state courts to exhaust his new claims. *See* Dkt. No. 11.

Presently before the Court are Petitioner's Motion to Lift the Stay [17], Motion to File an Amended Habeas Petition [17], and Motion for an Evidentiary Hearing on the Effectiveness of his Trial and Appellate Counsel [18].

The Court GRANTS both the Motion to Lift the Stay and Motion to Amend the Habeas Petition [17]. The Court DENIES without prejudice Petitioner's Motion for an Evidentiary Hearing [18].

Accordingly, the Court will amend the case caption, and the Respondent must file a supplemental answer and any additional Rule 5 materials within one hundred and eighty (180) days of this Order. Petitioner will have forty-five (45) days from receipt of the answer to file a reply brief.

II. Discussion

Petitioner requested that the Court (1) lift the stay on this case, (2) permit him to amend the habeas petition, and (3) hold an evidentiary hearing on the amended petition. The Court will address Petitioner's requests in turn.

First, following the exhaustion of state court remedies and upon timely request by a habeas petitioner, federal courts may order that a habeas petition be reinstated. *See, e.g., Rodriguez v. Jones*, 625 F. Supp. 2d 552, 559–60 (E.D. Mich. 2009). Petitioner contends he has exhausted his claims in the state courts. As a result, the Court will reinstate Petitioner's case. Accordingly, the Court orders that the case caption be amended to reflect that the Respondent here is now Kathleen Olson, the

warden of the prison where Petitioner is incarcerated. *See Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *see also* RULES GOVERNING § 2254 CASES, R. 2(a), 28 U.S.C. FOLL. § 2254.

Second, the Court grants Petitioner's Motion to Amend the Habeas Petition. In determining whether to grant an amendment to a habeas petition, courts primarily consider notice and substantial prejudice to the opposing party. *Coe v. Bell*, 161 F.3d 320, 341–342 (6th Cir. 1998). Here, there is no evidence of bad faith in Petitioner's filing of the motion to amend or evidence of prejudice to Respondent if the Court were to grant the motion. Thus, the Court will grant Petitioner's Motion to Amend.

The Clerk of the Court shall serve both a copy of the amended habeas petition, Dkt. No. 17, and this Order on Respondent and the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases. *See Coffee v. Harry*, No. 04-71209, 2005 WL 1861943, at *2 (E.D. Mich. Aug. 2, 2005). Respondent shall file a supplemental answer to the amended petition within one hundred and eighty days (180) of this Order.[1] *See Erwin v. Elo*, 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); *see also* 28 U.S.C. § 2243. When Respondent

---

[1] On December 3, 2015, the Respondent filed an answer to Petitioner's original habeas petition. *See* Dkt. No. 15. Therefore, in its forthcoming answer, the Respondent only needs to address the new claims raised in Petitioner's amended petition.

files its supplemental answer, Respondent must also provide the Court with any Rule 5 materials not already submitted to the Court. *See Griffin v. Rogers*, 308 F. 3d 647, 653 (6th Cir. 2002). Petitioner has forty-five days (45) from the receipt of the answer to file a reply brief. *See* RULES GOVERNING § 2254 CASES, R. 5(e), 28 U.S.C. FOLL. § 2254.

Finally, the Court will deny without prejudice Petitioner's motion for an evidentiary hearing on his amended petition. To determine whether an evidentiary hearing would help resolve a habeas petition, a court should review the Respondent's answer, the transcript and record of the state court proceedings, and any expanded record. *See* RULES GOVERNING § 2254 CASES, R. 8(a), 28 U.S.C. FOLL. § 2254; *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999). The Court has not yet received from the Respondent a supplemental answer or portions of the state court record. Without these materials, the Court cannot decide whether an evidentiary hearing on Petitioner's new claims is necessary. Therefore, following receipt of these materials, the Court will consider the necessity of an evidentiary hearing.

III. Conclusion

The Court GRANTS the Petitioner's Motion to Lift the Stay and Motion to Amend the Habeas Petition [17]. The Court DENIES without prejudice Petitioner's Motion for an Evidentiary Hearing [18].

IT SO ORDERED.

Dated:  November 7, 2017 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 7, 2017, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk