# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LEONARD MULLINS, III,

    Petitioner,

v.

KATHLEEN OLSON,

    Respondent,

_____/

Case Number 2:15-cv-11962
HONORABLE GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS [1], DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On May 27, 2015, Petitioner Leonard Mullins, III filed a petition for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254.[1] Dkt. No. 1. There, he challenges his convictions for operating a vehicle while under the influence of alcoholic liquor ("OUIL"), MICH. COMP. LAWS § 257.625(1)(a), OUIL causing serious impairment of a body function, MICH. COMP. LAWS § 257.625(5), operating a motor vehicle without a driver's license, MICH. COMP. LAWS § 257.904(1), and being a fourth felony habitual offender, MICH. COMP. LAWS § 769.12. For the reasons that follow, Mullins's petition for writ of habeas corpus is DENIED [1].

---

[1] Petitioner is no longer incarcerated, but is instead free on parole, according to his Michigan Department of Corrections profile.

# I. BACKGROUND

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals—facts presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant's convictions arise from a motor vehicle accident in which a westbound gray Ford Taurus crossed into the eastbound lanes of Cherry Hill Road and struck an eastbound blue Ford Taurus head on. Muoi Thi Chung, the driver of the eastbound vehicle, sustained serious injuries, including several fractures to her leg. Stephen Vidaurri, a Westland police officer on his way to work, observed the accident and stopped to offer assistance. Officer Vidaurri testified that he saw a female, Octavia Larkins, exit the passenger side rear door of the gray Taurus, saw another female, Carmen Robinson, exit the front passenger door of the vehicle, and then saw defendant crawling from the driver's seat, underneath the air bags, to the front passenger seat. Defendant then exited the vehicle from the front and re-entered the vehicle in the rear and sat down in the rear passenger seat. Defendant, who was heavily intoxicated, told another officer that he had not been driving and that it was Robinson who had been driving the vehicle. The principal issue at trial was the identity of the driver of the vehicle.

*People v. Mullins*, No. 312179, 2013 WL 6481011, at *1 (Mich. Ct. App. Dec. 10, 2013) (per curiam).

This conviction was affirmed on appeal. *Id.*, *lv. den.* 846 N.W.2d 564 (Mich. 2014). Petitioner then filed a writ of habeas corpus, which this Court held in abeyance so that he could return to the state courts to exhaust additional claims. *Mullins v. Barrett*, No. 15-11962, 2015 WL 4644996 (E.D. Mich. Aug. 5, 2015). Finally, Petitioner filed a post-conviction motion for relief from judgment with the

2

trial court pursuant to M.C.R. 6.500, *et. seq* and that motion was unsuccessful. *People v. Mullins*, No. 12-000134-01-FH (Wayne Cty. Cir. Ct., Feb. 11, 2016). The Michigan appellate courts, too, denied Petitioner leave to appeal. *People v. Mullins*, No. 334532 (Mich. Ct. App. Oct. 26, 2016), *lv. den*. 898 N.W.2d 594 (2017). This Court subsequently granted Petitioner's motion to lift the stay and to file an amended petition. *Mullins v. Olson*, No. 15-11962, 2017 WL 5150882 (E.D. Mich. Nov. 7, 2017). Petitioner seeks habeas relief on the following grounds:

> I. The trial court's failure to give the jury a copy of the transcript of the police officer's testimony[,] despite three requests over several days[,] resulted in an overly coercive verdict in violation of due process.
>
> II. There was insufficient evidence that Petitioner was the driver.
>
> III. Petitioner received ineffective assistance of trial counsel. When counsel for Mr. Mullins submitted a motion for the trial court to appoint an expert witness the state produced the wrong person. Trial counsel, however, withdrew said motion without any knowledge or consent from [Mullins], which denied him the due process of the Sixth Amendment and to a fair trial.
>
> IV. Petitioner received ineffective assistance of appellate counsel, who would not raise these claims during the direct appeal because counsel stated, the argument was without merit. Appellate counsel's conduct fell below prevailing norms which denied Mr. Mullins due process under the Sixth Amendment.
>
> V. Petitioner contends that the prosecutor was aware of the evidence that was being withheld which denied him the full panoply of protection afforded to criminal defendants by the Constitution. This deprived Mr. Mullins of his due process of the Sixth Amendment and Fourteenth Amendment.

*See* Dkt. No. 1, p. 8 (Pg. ID 8); *see also* Dkt. No. 20, p. 5 (Pg. ID 53).

## II.  STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), establishes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is contrary to Supreme Court precedent in either of two ways. "First, a state-court decision is contrary to [Supreme Court] precedent if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law." *See Williams v. Taylor*, 529 U.S. 362, 405–06 (2000) (citing *Green v. French*, 143 F.3d 865, 869–70 (1998)). And under the second avenue, "a state-court decision is also contrary to [Supreme Court] precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that of the Supreme Court]." *Id.* (citing *Green*, 143 F.3d at 869–70). An unreasonable application occurs when "a state court

4

decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.

A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fair-minded jurists could find the state court decision to be reasonable. *See Woods v. Etherton*, 136 S. Ct. 1149, 1152 (2016).

Petitioner's first claim was reviewed under a plain error standard because he failed to preserve the claim in the trial court. AEDPA deference applies to any underlying plain-error analysis of a procedurally defaulted claim. *See Stewart v. Trierweiler*, 867 F.3d 633, 638 (6th Cir. 2017). Petitioner's third, fourth, and fifth claims were denied in part by the trial court on post-conviction review pursuant to

M.C.R. 6.508(D)(3), on the grounds that Petitioner had failed to show cause and prejudice for not raising these claims on his direct appeal. Although the state court judge mentioned M.C.R. 6.508(D)(3), he alternatively rejected the claims on the merits and thus AEDPA's deferential standard of review also applies to his opinion. *See Moritz v. Lafler*, 525 F. App'x. 277, 284 (6th Cir. 2013).[2]

### III. DISCUSSION

A. Claim #1. Coerced verdict.

Petitioner first alleges that the trial judge coerced the jury's verdict when he refused the jury's request for a transcript of Officer Vidaurri's testimony or to have his testimony read back to the jury.

The Michigan Court of Appeals rejected petitioner's claim, concluding that:

> The trial court advised the jury in response to its first request that a transcript of Officer Vidaurri's testimony was not then available and that the jurors should rely on their collective memories to remember his testimony, but if that did not work a transcript could be prepared but it would not be available that day. After one of the jurors was replaced by an alternate juror and the jury began its deliberations anew, it made another request for Officer Vidaurri's testimony. The court again

---

[2] Respondent urges this Court to deny all four claims on the ground that they are procedurally defaulted. Procedural default is not a jurisdictional bar to review of a habeas petition on the merits. *See Trest v. Cain*, 522 U.S. 87, 89 (1997). In addition, "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. This Court believes that it would be easier to address the merits of the claims in this case.

6

> advised the jurors 'to use you collective memories and see if that will help you remember the testimony,' but also added, '[i]f not, send us out another note and we will prepare a transcript although it will take some time to get done.' On both occasions, defense counsel indicated that the trial court's response was acceptable to defendant.
>
> . . .
>
> [A] trial court does not abuse its discretion in responding to a request for testimony if it does not foreclose the possibility of having the testimony re-read at a later juncture. Contrary to what defendant argues, the trial court's instructions did not convey to the jury that the possibility of receiving Officer Vidaurri's testimony at a later juncture was foreclosed. Rather, the trial court clearly indicated to the jurors that if their collective memories could not enable them to remember the testimony, a transcript could be prepared, but it would take some time. At no time did the court foreclose the possibility of producing the requested testimony.

*Mullins*, 2013 WL 6481011, at *1–2.

A defendant in a criminal case has the right to an uncoerced jury verdict. *Lowenfield v. Phelps*, 484 U.S. 231, 241 (1988). A defendant's allegation that the jury was improperly coerced requires a court to "consider the supplemental charge given by the trial court 'in its context and under all the circumstances.' " *Id.* at 237 (quoting *Jenkins v. United States*, 380 U.S. 445, 446 (1965)).

The Constitution does not require that a jury be provided with transcripts of witness testimony. *See Bradley v. Birkett*, 192 F. App'x. 468, 477 (6th Cir. 2006). Indeed, "Petitioner has not cited any Supreme Court decision that requires judges to re-read testimony or to provide transcripts of testimony to jurors on request." *Friday v. Straub*, 175 F. Supp. 2d 933, 939 (E.D. Mich. 2001). A habeas petitioner's claim

7

that a state trial court violated his or her right to a fair trial by refusing to grant a jury request for transcripts "is not cognizable in a habeas proceeding." *Spalla v. Foltz*, 615 F. Supp. 224, 233–34 (E.D. Mich. 1985); *see also Bradley*, 192 F. App'x at 477. Indeed, another court in this district recently denied habeas relief on an identical claim. *See McGhee v. MacLaren*, No. 14-CV-14564, 2017 WL 2189442, at *2, 4 (E.D. Mich. May 18, 2017) (Parker, J.).

In the present case, the judge's instruction to the jury was not unduly coercive because he did not foreclose the jurors from having Officer Vidaurri's testimony being read back to them. Rather, the judge merely informed the jury that it would take some time to prepare the transcript and asked the jurors to first attempt to rely on their collective memories. Moreover, in the absence of a Supreme Court case holding that a state trial judge must re-read witness testimony or provide transcripts of witness testimony to jurors upon request, the Michigan Court of Appeals' rejection of Petitioner's claim was not an unreasonable application of clearly established federal law. *See Wright v. Van Patten*, 552 U.S. 120, 126 (2008); *Carey v. Musladin*, 549 U.S. 70, 77 (2006). Petitioner, therefore, is not entitled to relief on his first claim.

B.  Claim #2. Sufficiency of evidence.

Petitioner asserts that there was insufficient evidence to establish his identity as the driver of the motor vehicle so as to sustain his convictions.

The Michigan Court of Appeals rejected this claim, finding that:

> Although defendant presents different scenarios in which someone else was driving the vehicle, the jury apparently credited the testimony of Officer Vidaurri, who testified that he saw defendant crawling from the driver's seat, under the air bags, and exit out the passenger side front door. That testimony, viewed in a light most favorable to the prosecution, permitted an inference that defendant was driving the vehicle at the time of the accident. The jury reasonably could have concluded that defendant would have no reason to exit the vehicle in such a manner unless he was driving. The credibility of Officer Vidaurri's testimony, and the determination of what inferences could fairly be drawn from the testimony, was for the trier of fact to resolve. This Court will not interfere with the fact-finder's role of determining the weight of the evidence or the credibility of witnesses. The evidence was sufficient to permit a reasonable jury to conclude beyond a reasonable doubt that defendant was the operator of the vehicle involved in the accident.

*Mullins*, 2013 WL 6481011, at *3 (internal citations omitted).

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship*, 397 U.S. 358, 364 (1970). But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This inquiry, however, does not require a court to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." *Woodby v. INS*, 385 U.S. 276, 282 (1966). "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could

have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (internal citation omitted).

"A federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim merely because the federal court disagrees with the state court's resolution of that claim." *See Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (per curiam). Rather, a federal court may grant habeas relief "only if the state court decision was 'objectively unreasonable.' " *Id.* (citing *Renico v. Lett*, 559 U.S. 766, 773 (2010)). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* For a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012). A state court's determination that the evidence does not fall below that threshold is entitled to "considerable deference under AEDPA." *Id.*

Under Michigan law, "[t]he identity of a defendant as the perpetrator of the crimes charged is an element of the offense and must be proved beyond a reasonable doubt." *Byrd v. Tessmer*, 82 F. App'x. 147, 150 (6th Cir. 2003) (citing *People v. Turrell*, 181 N.W.2d 655, 656 (Mich. App. Ct. 1970)). "Identity of a defendant can be inferred through circumstantial evidence." *See Dell v. Straub*, 194 F. Supp. 2d

10

629, 648 (E.D. Mich. 2002) (citing *United States v. Kwong*, 14 F.3d 189, 193 (2nd Cir. 1994)).

In the present case, there was sufficient circumstantial and direct evidence for a rational trier of fact to conclude that Petitioner was the driver of the gray Ford Taurus. Officer Vidaurri was present when the accident occurred. He witnessed Octavia Larkins exit the passenger side rear door of the vehicle. He also saw another female, Carmen Robinson, exit the front passenger door of the vehicle. Officer Vidaurri then observed Petitioner crawling from the driver's seat, underneath the air bags, to the front passenger seat, before exiting the vehicle from the front passenger seat. Petitioner then re-entered the vehicle in the rear and sat down in the rear passenger seat. Although Petitioner told another police officer that Robinson was the driver, the jury could rationally conclude that Petitioner was the driver. The jury could reach this conclusion because Robinson immediately exited the front passenger door right after the accident and Petitioner was seen crawling through the car in the above-described manner. It was reasonable for the jury to infer from Petitioner's placement in the vehicle and his actions at the time of the accident that he, and not Ms. Robinson, was driving the vehicle.

Because there was sufficient circumstantial and direct evidence to establish Petitioner's identity as the driver of the gray Ford Taurus, the Michigan Court of

Appeals did not unreasonably apply *Jackson* in rejecting Petitioner's sufficiency of evidence claim. *See Moreland v. Bradshaw*, 699 F.3d 908, 919–21 (6th Cir. 2012).

    C.    Claims #3 and #4. Ineffective assistance of counsel.

Petitioner in his third claim alleges that trial counsel was ineffective for withdrawing her motion for the appointment of an accident reconstruction expert, Dr. Charles Funk. Although trial counsel initially filed a motion for the appointment of this expert, she later withdrew that request. Petitioner claims that Dr. Funk would have testified that a review of the driver and passenger airbags, along with the vehicle's black box, probably would have shown that a person of a certain height, weight, and gender—all different from those of the Petitioner—was the driver. Petitioner contends that trial counsel was ineffective for withdrawing her motion for the appointment of Dr. Funk. In his related fourth claim, Petitioner alleges that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness on his appeal of right.

A defendant is required to satisfy a two prong test to establish the denial of the effective assistance of counsel. First, a defendant must show that counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To make this showing, a defendant must overcome a strong presumption that counsel's behavior was within the wide range of reasonable

professional assistance. *Id.* Stated differently, a defendant must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Id* at 689.

Second, a defendant must show that such performance prejudiced his or her defense. *Id* at 687. To demonstrate prejudice, a defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. "*Strickland* places the burden on the defendant, not the State, to show a 'reasonable probability' that the result would have been different." Wong v. Belmontes, 558 U.S. 15, 27 (2009). (citing *Strickland*, 466 U.S. at 694). The *Strickland* standard also applies to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir. 2005) (citing Munson v. Kapture, 384 F.3d 310, 316 (6th Cir. 2004)).

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under *Strickland* 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.' " *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington*, 562 U.S. at 101. Indeed, "because the *Strickland* standard is a general

standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles*, 556 U.S. at 123 (citing *Yarborough*, 541 U.S. at 664). Pursuant to the 28 U.S.C. § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.* (citation omitted). This means that on habeas review of a state court conviction, "a state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Harrington*, 562 U.S. at 101. Accordingly, "[s]urmounting *Strickland*'s high bar is never an easy task." *Id.* at 105 (internal quotation marks omitted) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).

A habeas petitioner's claim that trial counsel was ineffective for failing to call an expert witness cannot be based on speculation. *See Keith v. Mitchell*, 455 F.3d 662, 672 (6th Cir. 2006). In her motion for the appointment of an expert, Petitioner's trial counsel claimed that Dr. Funk would provide this exculpatory testimony for Petitioner. Yet counsel apparently did not attach an affidavit or proposed report from Dr. Funk to the motion. Petitioner raised his ineffective assistance of trial counsel claim on his post-conviction motion for relief from judgment but failed to provide an affidavit from Dr. Funk to the state trial or appellate courts concerning his proposed testimony. *See* Dkt. Nos. 21-2, 21-4, 21-5.

Petitioner has also not provided this Court with any affidavit from Dr. Funk concerning his proposed testimony and willingness to testify on Petitioner's behalf. Conclusory allegations of ineffective assistance of counsel do not provide a basis for habeas relief. *See Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998). By failing to present any evidence to the state courts in support of his ineffective assistance of trial counsel claim, Petitioner is not entitled to an evidentiary hearing in this Court on his ineffective assistance of counsel claim. *See Cooey v. Coyle*, 289 F. 3d 882, 893 (6th Cir. 2002) (citing 28 U.S.C. § 2254(e)(2)(A)(ii)). Petitioner had failed to attach any offer of proof or affidavit sworn by Dr. Funk, and he has not presented—either to the Michigan courts or to this Court—any evidence beyond his own assertions regarding whether Dr. Funk would have testified and the content of that testimony. In the absence of such proof, Petitioner is unable to establish that he was prejudiced by counsel's failure to call Dr. Funk as an expert witness to testify at trial, so as to support the second prong of an ineffective assistance of counsel claim.

The Sixth Amendment guarantees a defendant the right to the effective assistance of appellate counsel on an appeal of right. *See Evitts v. Lucey*, 469 U.S. 387, 396–97 (1985). However, court appointed counsel does not have a constitutional duty to raise every nonfrivolous issue demanded by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Petitioner failed to show that his trial counsel was ineffective and is thus unable to establish that appellate counsel was

ineffective for failing to raise an ineffective assistance of trial counsel claim on his direct appeal. *See, e.g.*, *Fautenberry v. Mitchell*, 515 F.3d 614, 642 (6th Cir. 2008). Consequently, Petitioner is not entitled to habeas relief on his third and fourth claims.

    D.    Claim #5. Exculpatory evidence.

Finally, Petitioner contends that the prosecutor withheld exculpatory evidence. To prevail on his claim, a petitioner must show (1) that the state withheld exculpatory evidence and (2) that "the evidence [was] material either to guilt or to punishment irrespective of good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. "Reasonable probability" constitutes "a probability sufficient to undermine confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 683 (1985) (internal quotation marks omitted) (quoting *Strickland*, 466 U.S. at 694). In *Strickler v. Greene*, the Supreme Court articulated three essential elements of a *Brady* claim: (1) "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; [(2)] that evidence must have been suppressed by the State, either willfully or inadvertently; and [(3)] prejudice must have ensued." 527 U.S. 263, 281–82 (1999).

"Prejudice (or materiality) in the *Brady* context is a difficult test to meet." *Jamison v. Collins*, 291 F. 3d 380, 388 (6th Cir. 2002) (citations omitted).

"[A habeas petitioner] bears the burden of showing the prosecution suppressed exculpatory evidence." *See Bell v. Howes*, 703 F.3d 848, 853 (6th Cir. 2012) (citing *United States v. Warshak*, 631 F.3d 266, 300 (6th Cir. 2010)). Petitioner has not identified any evidence withheld by the prosecutor or how such evidence would have proven exculpatory. "[C]onclusory allegations do not provide a basis for habeas relief." *Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (internal quotation marks omitted) (quoting *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)). "Allegations that are merely conclusory or which are purely speculative cannot support a *Brady* claim." *Burns v. Lafler*, 328 F. Supp. 2d 711, 724 (E.D. Mich. 2004) (citing *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000)). Petitioner, therefore, is not entitled to relief on his fifth claim.

### IV. CONCLUSION

The Court will deny the petition for a writ of habeas corpus [1]. The Court will also deny a certificate of appealability. To obtain a certificate of appealability, a prisoner must "ma[ke] a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). And to demonstrate this denial, an applicant must "show[] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner, or that the issues presented

were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotation marks omitted) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 894 & n.4 (1983)). When a district court rejects a habeas petitioner's constitutional claims on the merits, "[a] petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULES GOVERNING § 2254 CASES, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong.

Petitioner is denied leave to appeal *in forma pauperis*, as the appeal would be frivolous.

### V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is **DENIED**.

Dated: August 15, 2018 /s/Gershwin A. Drain

GERSHWIN A. DRAIN  
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 15, 2018, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk